IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ADAM TITUS, R43512 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JACOB McDONALD, et al. ) <br> ) <br> Defendants. ) | No. 4:17-CV-04004 |

# ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Stateville Correctional Center on an Eighth Amendment excessive force claim arising from an incident on August 10, 2016. Plaintiff filed duplicative motions to compel discovery on August 7, 2018, and August 22, 2018. Pl.'s Mot. To Compel Disc., Aug. 7, 2018, (d/e 63); Pl.'s Mot. To Compel Disc., Aug. 22, 2018, (d/e 64). Those motions were granted by Magistrate Judge Schanzle-Haskins, and the Magistrate ordered Defendants to produce the requested discovery. However, that production was, and remains, incomplete. Accordingly, Plaintiff filed the instant motion to

compel complete answers to the interrogatories.  For the following reasons, the motion is GRANTED.

Plaintiff seeks an order directing Defendants to answer Plaintiff's written questions, some of which would identify potential eyewitnesses of the August 10, 2016, incident.  Plaintiff originally filed duplicative motions to compel discovery on August 7, 2018, and August 22, 2018.  Pl.'s Mot. To Compel Disc., Aug. 7, 2018, (d/e 63); Pl.'s Mot. To Compel Disc., Aug. 22, 2018, (d/e 64).  Magistrate Judge Schanzle-Haskins granted those motions and ordered discovery to be produced on October 24, 2018.  Order on Motion for Protective Order, Oct. 24, 2018.

Specifically, the questions posed asked Defendants to "identify all inmates in the cells in front and the left and right side of [P]laintiff's cell" at the time of the alleged incident.  Pl.'s Mot. To Compel Disc. 6, March 22, 2019, (d/e 75).  In response, Defendants produced Illinois Department of Corrections (IDOC) records listing only the inmates in the cells on the left and right of Plaintiff.  Inexplicably, Defendants did not also identify the inmates in the cell in front of the Plaintiff, as was ordered.  In response to the incomplete production, Plaintiff again filed a motion to compel

on November 8, 2018.  Pl.'s Mot. To Compel Disc., Nov. 8, 2018 (d/e 70).  On February 5, 2019, the Magistrate again ordered Defendants to comply with the original August 2018 motions.  Text Order, Feb. 5, 2019.  On March 1, 2019, Defendants filed a notice that they had complied with the order.  Notice of Compliance, March 1, 2019, (d/e 74).  However, yet again, that compliance was incomplete.  Accordingly, Defendants are ordered to answer Plaintiff's questions in full and produce the documents requested by August 5, 2019.  This portion of Plaintiff's motion is GRANTED.

Plaintiff again seeks an order directing Defendants to respond to questions regarding the identities of all IDOC personnel who were assigned to the unit in which Plaintiff was housed at the time of the incident.  The Magistrate again ordered the production of this information as well.  Text Order, Feb. 5, 2019.  However, Defendants assert that the personnel records needed to answer the questions were destroyed.  Defendants state that the records were destroyed two years after the incident on August 10, 2018, pursuant to IDOC's implementation of a two-year record retention policy.  This is the first time this Court has heard of IDOC's two-year retention policy.  The Court also has trouble believing

Defendants cannot produce the requested information using other available means.  This portion of Plaintiff's motion is, therefore, GRANTED.

Further, the destruction of the personnel records is concerning because this suit originated on January 9, 2017.  Compl., Jan. 9, 2017, (d/e 1).  Defendants filed their Answer on April 24, 2017.  Answer, April 24, 2017, (d/e 12).  If the IDOC 2-year record retention policy were in effect in April 2017, IDOC personnel would have had approximately 16 months to prevent the destruction of the personnel documents related to the suit before the August 10, 2018 destruction date.  Pl.'s Mot. To Compel Disc. 6, 10, 13, 17, March 22, 2019, (d/e 75).  Moreover, Plaintiff's original motion to compel was filed on August 7, 2018, a full three days before that destruction date.  Id.; Pl.'s Mot. To Compel Disc., Aug. 7, 2018, (d/e 63).  Defendants are, therefore, also ordered to show cause as to why they should not be sanctioned for destroying the personnel records.

Parties to a suit have duties to preserve evidence when they have been put on notice of impending litigation.  Trask-Morton v. Motel 6 Operating L.P., 534 F.3d 672, 681 (7th Cir. 2008) (holding

that a defendant was put on notice of impending litigation when the defendant received the plaintiff's demand letter).  If such a duty is established, and evidence is subsequently destroyed by the preserving party, the non-preserving party may seek sanctions for spoliation.  Sanctions are appropriate if the non-preserving party can show that the preserving party destroyed the evidence intentionally and in bad faith.  Id.; See Bracey v. Grondin, 712 F.3d 1012, 1019 (7th Cir. 2013) ("bad faith" means the records were destroyed to hide adverse information).

In addition to sanctions, an adverse inference jury instruction may also be warranted.  When evidence is destroyed intentionally, judges may issue either mandatory or permissive adverse inference jury instructions.  See generally, Bracey, 712 F.3d at 1018-19; James v. Cartwright, 659 F.App'x 888 (7th Cir. 2016).  A mandatory adverse inference jury instruction mandates that the jury infer that the information from destroyed evidence contained incriminatory information.  Bracey, 712 F.3d at 1018.  In contrast, permissive adverse inference jury instructions simply allow the jury to infer the destroyed evidence contained adverse information

if the jury found that the destroying party had destroyed the evidence in bad faith.  James, 659 F.App'x at 892.

It is ordered that Plaintiff's motion to compel is GRANTED. Pl.'s Mot. To Compel Disc., March 22, 2019, (d/e 75).  Defendants are also ordered to show cause as to why they should not be sanctioned for their implementation of the 2-year record retention policy and for destroying the relevant personnel records.

A hearing on the Court's order to show cause is set for 9:30 a.m. on August 19, 2019.  Plaintiff shall appear by video.  Defense counsel shall appear in person.  The clerk is directed to issue a video writ for Plaintiff's presence at the hearing.

**ENTERED: 7/26/2019**

**FOR THE COURT:**
                                *s/Sue E. Myerscough*
                                **SUE E. MYERSCOUGH**
                                **UNITED STATES DISTRICT JUDGE**